UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENKINS NEFERTITI,<br><br>                    Plaintiff,<br><br>v.<br><br>SECURITIES EXCHANGE COMMISSONS "ACT",<br><br>                    Defendant. | Case No.: 23-CV-1150 JLS (JLB)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 1, 2, 3) |

Presently before the Court are Plaintiff Jenkins Nefertiti's Complaint ("Compl.," ECF No. 1), Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2), and Request for Appointment of Counsel (ECF No. 3). Having carefully considered Plaintiff's Complaint, Plaintiff's motions, and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application, **DISMISSES**

**WITHOUT PREJUDICE** Plaintiff's Complaint, and **DENIES WITHOUT PREJUDICE** Plaintiff's Request for Appointment of Counsel.

### IN FORMA PAUPERIS APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

Here, Plaintiff's IFP Application is either inaccurate or evidence of Plaintiff's vast wealth. Plaintiff claims to have received an average monthly income of $33,250 over the past twelve months, and Plaintiff expects to receive more than $6.75 billion next month. IFP Appl. at 1. Plaintiff also claims to have $5 million in cash. *Id.* at 2. On the other hand, Plaintiff purportedly has more than $500 million in expenses each month, including $8,000 for laundry and dry-cleaning, $50,000 for transportation, and $500 million in "Inport-Export Port-Fees." *Id.* at 4–5.

If the Court were to accept the validity of such figures, Plaintiff clearly would have the ability to "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. But such figures are not credible. It is simply beyond belief that any individual pays $500 million in import-export fees every month, or that one's income could increase by more than 20 million percent month-to-month. Consequently, the Court is unable, based on the information provided, to determine whether Plaintiff would be unable to afford the necessities of life should they be required to pay the filing fee.

The Court **DENIES** Plaintiff's IFP Application. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP motion that cures the above-noted deficiencies.

## MOTION TO APPOINT COUNSEL

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the

legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "The decision to request counsel pursuant to § 1915(e)(1) first requires that the plaintiff has been determined eligible to proceed pursuant to the IFP statute due to his indigency." *Moses v. U.S. Dist. Ct. S. Dist. of Cal.*, Civil No. 15-CV-01793 BEN (RBB), 2015 WL 13238665, at *2 (S.D. Cal. Nov. 20, 2015) (citing *Agyeman*, 390 F.3d at 1103).

The Court finds that Plaintiff has not satisfied the standards for appointment of counsel under 28 U.S.C. § 1915(e)(1). First, "[a]s Plaintiff has not been afforded IFP status, [Plaintiff] is not entitled to appointment of counsel." *Moses*, 2015 WL 13238665, at *2. Second, while the Court harbors concerns about Plaintiff's ability to articulate their claims, the likelihood of Plaintiff's success on the merits remains unclear in light of the Court's dismissal of Plaintiff's Complaint. *Supra* p. 3. Accordingly, at this early stage of litigation, the Court finds that neither the interests of justice nor any exceptional circumstances warrant appointment of counsel. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Request for the Appointment of Counsel. Should circumstances change, Plaintiff may be permitted to file another motion for appointment of counsel.

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a);

3. Plaintiff is **GRANTED** an additional <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $402 statutory and administrative filing fee, or (2) file a new IFP Application alleging that they are unable to pay the requisite fee. ***Should Plaintiff fail to either pay the filing fee or file a new IFP Motion, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice***; and

4.   Plaintiff's Request for the Appointment of Counsel (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED.**

Dated:  July 17, 2023

                                                Hon. Janis L. Sammartino
                                                United States District Judge